UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY HUGHES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08CV1008 HEA |
| | ) | |
| JOHN E. POTTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Anthony Hughes for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990. Named as defendants are John E. Potter (Postmaster General of the United States) and Keith Gentry (Union Representative, National Association of Letter Carriers, AFL-CIO). The complaint seeks monetary relief.

Plaintiff alleges that defendants have denied him due process "for protected reason [sic] covered under Title VII of the Civil Rights Act of 1964 . . . 14th Amendment and its Equal Protection Clause[, and the] Americans with Disabilities Act." Plaintiff further alleges that defendants have interfered with his "contractual and

-2-

statutory rights" and that he was not properly represented pursuant to a collective bargaining agreement.

## Discussion

"Civil rights pleadings should be construed liberally. At the very least, however, the complaint must contain facts which state a claim as a matter of law and must not be conclusory." Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995). The instant complaint is legally frivolous because it contains only conclusory allegations and fails to allege any facts, which if proved, would afford a basis for the granting of relief. As a result, the complaint should be dismissed under 28 U.S.C. § 1915(e).

Additionally, "[i]n order to initiate a claim under Title VII a party must timely file a charge of discrimination with the EEOC and receive a right-to-sue letter." Stuart v. General Motors Corp., 217 F.3d 621, 630 (8th Cir. 2000). There is no indication that plaintiff filed any charge with the EEOC or that he has received a right-to-sue letter. Consequently, it does not appear that plaintiff's claims are properly before this Court.

Finally, the Court notes that plaintiff filed a motion for temporary restraining order with the complaint. Because the complaint is frivolous, there is no basis for granting the motion for temporary restraining order. As a result, the motion will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's motion for temporary restraining order [Doc. #4] is **DENIED** as moot.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 15th day of July, 2008.

                              HENRY EDWARD AUTREY
                              UNITED STATES DISTRICT JUDGE